LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

LAW OFFICES OF GREGORY A. YATES
Gregory A. Yates (Bar No. 63259)
gyates@gregoryayates.net
16830 Ventura Boulevard, Suite 250
Encino, California 91436
Telephone: (310) 858-6944
Facsimile: (818) 905-7038

Attorneys for Plaintiffs

Electronically FILED by Superior Court of California, County of Los Angeles 6/06/2023 1:08 PM David W. Slayton, Executive Officer/Clerk of Court, By R. Perez, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| T.S., a minor by and through her Guardian Ad Litem SHAMEKA MOORE; T.S., a minor by and through his Guardian Ad Litem SHAMEKA MOORE; T.S., a minor by and through his Guardian Ad Litem SHAMEKA MOORE; SHAMEKA MOORE; TAKARRA SMITH; TAKOYA SMITH; TAKAR SMITH JR.; and ALECIA SMITH,<br><br>Plaintiffs,<br>v.<br>CITY OF LOS ANGELES, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 23STCV12897<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Substantive Due Process (42 U.S.C. § 1983)<br>3. Battery (Survival and Wrongful Death)<br>4. Negligence (Survival and Wrongful Death)<br>5. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

Exhibit 1 - Page 10    COMPLAINT FOR DAMAGES

# COMPLAINT FOR DAMAGES

Plaintiffs T.S., a minor by and through her Guardian Ad Litem SHAMEKA MOORE; T.S., a minor by and through his Guardian Ad Litem SHAMEKA MOORE; T.S., a minor by and through his Guardian Ad Litem SHAMEKA MOORE; SHAMEKA MOORE; TAKARRA SMITH; TAKOYA SMITH; TAKAR SMITH JR.; and ALECIA SMITH, for their complaint against Defendants CITY OF LOS ANGELES, and Does 1-10, inclusive, allege as follows:

## INTRODUCTION

1. This civil action seeks survival, wrongful death, compensatory and punitive damages from Defendants for violating various rights under both federal and state law in connection with the fatal police shooting of the decedent, Takar Smith.

## PARTIES

2. At all relevant times, decedent Takar Smith ("DECEDENT") was an individual residing in County of San Bernardino, California.

3. Plaintiff T.S. is a minor individual residing in the County of Los Angeles, California, and is the natural born daughter to DECEDENT. T.S. sues by and through her natural mother and Guardian Ad Litem, SHAMEKA MOORE. T.S. sues both in her individual capacity as the daughter of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. T.S. seeks both survival and wrongful death damages under federal and state law.

4. Plaintiff T.S. is a minor individual residing in the County of Los Angeles, California, and is the natural born so to DECEDENT. T.S. sues by and through his natural mother and Guardian Ad Litem, SHAMEKA MOORE. T.S. sues both in his individual capacity as the son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. T.S. seeks both survival and wrongful death damages under federal and state law.

5. Plaintiff T.S. is a minor individual residing in the County of Los Angeles, California, and is the natural born son to DECEDENT. T.S. sues by and through his natural mother and Guardian Ad Litem, SHAMEKA MOORE. T.S. sues both in his individual capacity as the son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. T.S. seeks both survival and wrongful death damages under federal and state law.

6. Plaintiff SHAMEKA MOORE is an individual residing in County of Los Angeles, California, and is the wife of DECEDENT. SHAMEKA MOORE sues both in her individual capacity as the wife of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. SHAMEKA MOORE seeks both survival and wrongful death damages under state law.

7. Plaintiff TAKARRA SMITH is an individual residing in County of Los Angeles, California, and is the natural daughter of DECEDENT. TAKARRA SMITH sues both in her individual capacity as the daughter of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. TAKARRA SMITH seeks both survival and wrongful death damages under state law.

8. Plaintiff TAKOYA SMITH is an individual residing in County of Los Angeles, California, and is the natural daughter of DECEDENT. TAKOYA SMITH sues both in her individual capacity as the daughter of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. TAKOYA SMITH seeks both survival and wrongful death damages under state law.

9. Plaintiff TAKAR SMITH JR. is an individual residing in County of Los Angeles, California, and is the natural son of DECEDENT. TAKAR SMITH JR. sues both in his individual capacity as the son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. TAKAR SMITH JR. seeks both survival and wrongful death damages under state law.

10. Plaintiff ALECIA SMITH is an individual residing in County of Los Angeles, California, and is the natural mother of DECEDENT. ALECIA SMITH

1 sues both in her individual capacity as the mother of DECEDENT and in a
2 representative capacity as a successor-in-interest to DECEDENT. ALECIA SMITH
3 seeks both survival and wrongful death damages under state law.

4     11.    At all relevant times, Defendant CITY OF LOS ANGELES ("CITY")
5 is and was a duly organized public entity, form unknown, existing under the laws of
6 the State of California. At all relevant times, CITY was the employer of Defendants
7 DOES 1-5, who were CITY police officers, DOES 6-7, who were CITY's police
8 department supervisorial officers, and DOES 8-10, who were managerial,
9 supervisorial, and policymaking employees of the CITY's police department. On
10 information and belief, at all relevant times, DOES 1-10 were residents of the
11 County of Los Angeles, California. DOES 1-10 are sued in their individual capacity
12 for damages only.

13     12.    At all relevant times, Defendants DOES 1-10 were duly authorized
14 employees and agents of CITY, who were acting under color of law within the
15 course and scope of their respective duties as sheriff's deputies and with the
16 complete authority and ratification of their principal, Defendant CITY.

17     13.    At all relevant times, Defendants DOES 1-10 were duly appointed
18 officers and/or employees or agents of CITY, subject to oversight and supervision
19 by CITY's elected and non-elected officials.

20     14.    In doing the acts and failing and omitting to act as hereinafter
21 described, Defendants DOES 1-10 were acting on the implied and actual permission
22 and consent of CITY.

23     15.    At all times mentioned herein, each and every CITY defendant was the
24 agent of each and every other CITY defendant and had the legal duty to oversee and
25 supervise the hiring, conduct and employment of each and every CITY defendant.

26     16.    The true names of defendants DOES 1 through 10, inclusive, are
27 unknown to Plaintiffs, who therefore sue these defendants by such fictitious names.
28 Plaintiffs will seek leave to amend this complaint to show the true names and

-4-

Exhibit 1 - Page 13

COMPLAINT FOR DAMAGES

capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

**JURISDICTION AND VENUE**

17. This civil action is brought for wrongful death and survival damages suffered by Plaintiffs due to the unlawful killing of Takar Smith by Defendants in violation of the laws of the State of California.

18. Venue is proper in this Court because Defendants reside in and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California.

19. On February 28, 2023, Plaintiffs filed comprehensive and timely claims for damages with CITY pursuant to applicable sections of the California Government Code.

20. On March 15, 2015, CITY rejected Plaintiffs' claims for damages.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

21. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22. On or about January 2, 2023, DECEDENT was in the kitchen of the residence belonging to his wife and children, located at 201 Witmer Street, in the City of Los Angeles, California.

23. While in the kitchen of his family's apartment, DOES 1-5 discharged their firearms at DECEDENT, striking him several times, causing DECEDENT serious physical injury and eventually killing him.

24. DECEDENT's wife and children were removed from their apartment prior to the shooting.

25. At the time of the shooting, DECEDENT was on the kitchen floor, on his knees, and he not advancing or moving at any of the involved officers.

-5-

Exhibit 1 - Page 14

COMPLAINT FOR DAMAGES

Therefore, DECEDENT posed no imminent threat of death or serious physical injury to either DOES 1-5 or any other person.

26. Prior to the shooting, DECEDENT's wife, SHAMEKA MOORE, had notified the involved CITY police officers that her husband suffered from mental illness and was having a mental health crises, in order to get DECEDENT the medical help he deeply needed and in attempts to avoid the responding CITY police officers from fatally shooting the DECEDENT.  Further, it was obvious, or it should have been obvious to an objectively reasonable officer, that Mr. Smith suffered from and was having a mental health crisis.

27. DECEDENT did not physically harm anyone prior to being fatally shot by the involved CITY police officers, nor did he attempt to do so.

28. The involved officers escalated the situation which resulted in deadly force being used against DECEDENT and there other reasonable alternatives to using deadly force against DECEDENT which were available and not utilized prior to using deadly force against DECEDENT.

29. The involved officers did not give DECEDENT a verbal warning that deadly force would be used against him prior to fatally shooting him.

30. On information and belief, DOES 1-4 had no information that DECEDENT had committed a felony.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants DOES 1-4)

29. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30. DOES1-4's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to

-6-

Exhibit 1 - Page 15

COMPLAINT FOR DAMAGES

DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31. The unreasonable use of force by Defendant DOES 1-4 deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32. As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

33. As a result of the conduct of DOES 1-4, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

34. This use of deadly force was excessive and unreasonable under the circumstances, especially since the officers had been on notice prior to the shooting that DECEDENT was suffering from a mental health crisis and the Decedent was in his wife's empty apartment, on his knees in the kitchen and not advancing or moving towards the officers at the time of the shooting. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

35. The conduct of DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-4.

36. Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

37. Plaintiffs also seek attorney fees under this claim.

**SECOND CLAIM FOR RELIEF**
**Substantive Due Process (42 U.S.C. § 1983)**
(Against Defendant DOES 1-4)

38. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

39. T.S. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

40. T.S. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

41. T.S. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

42. SHAMEKA MOORE had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be

-8-

Exhibit 1 - Page 17

COMPLAINT FOR DAMAGES

free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her husband, DECEDENT. T.S. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

43. TAKARRA SMITH had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT. T.S. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

44. TAKOYA SMITH had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

45. TAKAR SMITH JR. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

46. ALECIA SMITH had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

47. As a result of the excessive force by DOES 1-4, and their failure to intervene, DECEDENT died. Plaintiffs T.S., T.S., T.S., SHAMEKA MOORE, TAKARRA SMITH, TAKOYA SMITH, TAKAR SMITH JR. and ALECIA SMITH, were thereby deprived of their constitutional right of familial relationship with DECEDENT.

48. Does 1-4, acting under color of state law, thus violated the Fourteenth Amendment rights of T.S., T.S., T.S., SHAMEKA MOORE, TAKARRA SMITH, TAKOYA SMITH, TAKAR SMITH JR. and ALECIA SMITH to be free from unwarranted interference with their familial relationship with DECEDENT.

49. The aforementioned actions of DOES 1-4, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs T.S., T.S., T.S., SHAMEKA MOORE, TAKARRA SMITH, TAKOYA SMITH, TAKAR SMITH JR. and ALECIA SMITH and with purpose to harm unrelated to any legitimate law enforcement objective.

50. Defendants DOES 1-4, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiffs.

51. As a direct and proximate cause of the acts of DOES 1-4, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of

DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

52. As a result of the conduct of Does 1-4, they are liable for DECEDENT'S injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

53. The conduct of DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOES 1-4.

54. Plaintiffs brings this claim individually and as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of both Plaintiffs' and DECEDENT's rights.

55. Plaintiffs also seek attorney fees under this claim.

### THIRD CLAIM FOR RELIEF
**Battery (Cal. Govt. Code § 820)**
(Survival and Wrongful Death)
(Against Defendants DOES 1-4 and CITY)

56. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

57. DOES 1-4, while working as police officers for the CITY's police department, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times. As a result of the actions of DOES 1-4, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity. DOES 1-4 had no legal justification for using force against DECEDENT and said defendants' use of force while carrying out their officer duties was an unreasonable use of force.

58. As a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses.

59. CITY is vicariously liable for the wrongful acts of DOES 1-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

60. The conduct of DOES 1-4 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

61. Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and are seeking both survival and wrongful death damages under this claim.

**FOURTH CLAIM FOR RELIEF**
**Negligence (Cal. Govt. Code § 820)**
(Survival and Wrongful Death)
(Against All Defendants)

62. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth herein.

63. The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

    (b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c) the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d) the failure to summons and provide prompt medical care to DECEDENT;

(e) the failure to summons the CITY's mental health crisis team;

(f) the failure to properly and adequately assess the mental health crisis that DECEDENT was experiencing, despite being put on notice prior to the shooting that DECEDENT was suffering from a mental health crises, including by DECEDENT's wife, SHAMEKA MOORE;

(g) the failure to properly train and supervise employees, both professional and non-professional, including DOES 1-4;

(h) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(i) the negligent handling of evidence and witnesses.

64. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity. Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses.

65. CITY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public

entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

66. Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek wrongful death damages under this claim.

## FIFTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Against All Defendants)

67. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

69. Conduct that violates the Fourth Amendment can also amount to conduct that violates the California Bane Act.

70. Defendant DOES 1-4 use of deadly force was excessive and unreasonable under the circumstances, especially since the involved officers were on notice that DECEDENT was experiencing a mental health crisis prior to the shooting, also because DECEDENT was on his knees in the kitchen of his wife's empty apartment and not advancing or moving towards the involved officers at the time of the shooting, DECEDENT did not pose an imminent threat of death or serious bodily injury towards anyone, when he was fatally shot. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures and to be free from having unreasonable and excessive force used against him. Further, the involved officers acted with a reckless disregard of constitutional and statutory rights of the DECEDENT, including the right to be free from having unreasonable and excessive deadly force used against him.

71. DOES 1-4, while working as police officers for the CITY's police department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

72. On information and belief, DECEDENT reasonably believed that if he exercised his rights, including his civil rights, DOES 1-5 would commit acts involving violence, threats, coercion, or intimidation against them or their property.

73. On information and belief Defendant DOES 1-5 injured DECEDENT to prevent him from exercising his rights or retaliated against DECEDENT for having exercised his rights.

74. DECEDENT was caused to suffer extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

75. The conduct of DOES 1-5 was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

76. CITY is vicariously liable for the wrongful acts of DOES 1-5 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

77. The conduct of DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT entitling Plaintiffs to an award of exemplary and punitive damages.

78. Plaintiffs bring this claim in a representative capacity as the successors-in-interest to the DECEDENT, and seek survival damages for the violation of DECEDENT's rights.

31. The Plaintiffs also seek attorney fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants City of Los Angeles, and Does 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under state law, in the amount to be proven at trial;

B. For funeral and burial expenses;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and attorneys' fees; and

F. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: June 6, 2023  LAW OFFICES OF DALE K. GALIPO


By  *s/ Dale K. Galipo*
    Dale K. Galipo
    Eric Valenzuela
    Attorneys for Plaintiffs

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: June 6, 2023           LAW OFFICES OF DALE K. GALIPO

                              By     *s/ Dale K. Galipo*
                                 Dale K. Galipo
                                 Eric Valenzuela
                                 Attorneys for Plaintiffs

-17-

COMPLAINT FOR DAMAGES

Exhibit 1 - Page 26