LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
Eric Valenzuela, Esq. (Bar No. 284500)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.S., a minor by and through her Guardian Ad Litem SHAMEKA MOORE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES et al.,<br><br>Defendants. | Case No. CV 23-6334 FMO (SSCx)<br><br>**DECLARATION OF DALE K. GALIPO IN SUPPORT OF EX PARTE PETITION FOR COMPROMISE OF THE CLAIMS OF T.S. A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, SHAMEKA MOORE** |

## DECLARATION OF DALE K. GALIPO

I, Dale K. Galipo, hereby declare as follows:

1.       I am an attorney licensed to practice law in this United States District Court. I am the attorney of record for the Plaintiffs in this action, CV 23-6334 FMO (SSCx). I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiff's Petition for Compromise of the Claims of T.S., a Minor, by and through her Guardian Ad Litem, Shameka Moore.

2.      The instant claims of minor Plaintiff T.S. arose out of the fatal shooting of her father, decedent Takar Smith, on January 2, 2023, by City of Los Angeles police officers Joseph Zizzo and Nicolas Alejandre.  The parties recently reached a settlement agreement which obligates Defendants to pay to the Plaintiffs and their attorney of record the total sum of $6,00,000.  One payment of $3,000,000 was paid in 2024 and another payment of $3,000,000, by September 15, 2025.

3.      The following is a description of the breakdown submitted to the Court for approval:

| | |
|---|---|
| TOTAL SETTLEMENT: | $6,000,000[1] (which includes the claims of three minor Plaintiffs, T.S., T.S., and T.S. and five adult Plaintiffs, Shameka Moore; Takarra Smith; Takoya Smith; Takar Smith Jr. and Alecia Smith,) |
| SECOND PAYMENT IN 2025 | $3,000,000 |
| MINOR T.S.'s PORTION: | $400,000 |
| MINOR T.S.'s PORTION: | $400,000 |
| MINOR T.S.'s PORTION: | $400,000 |
| SHAMEKA MOORE'S PORTION: | $400,000 |
| TAKARRA SMITH'S PORTION: | $400,000 |
| TAKOYA SMITH'S PORTION: | $400,000 |

[1] The settlement is being divided into two separate payments.  One payment of $3,000,000 was paid in 2024 and another payment of $3,000,000 by September 15, 2025.

TAKAR SMITH JR.'S
POTION:                              $400,000

ALECIA SMITH'S
PORTION:                             $200,000

TOTAL COSTS:                         Waived by Plaintiffs' counsel

TOTAL ATTORNEY FEES CHARGED to MINOR T.S.,
MINOR T.S., MINOR T.S., SHEMEKA MOORE,
TAKARRA SMITH, TAKOYA SMITH and TAKAR SMITH JR.;

                                     $160,000 (40% of recovery) each

TOTAL ATTORNEY FEES
CHARGED TO
ALECIA SMITH:                        $80,000 (40 % of recovery)

TOTAL RECOVERY FOR
MINOR T.S.:                          $240,000

TOTAL RECOVERY FOR
MINOR T.S.:                          $240,000

TOTAL RECOVERY FOR
MINOR T.S.:                          $240,000

TOTAL RECOVERY FOR
SHAMEKA MOORE:                       $240,000

TOTAL RECOVERY FOR
TAKARRA SMITH:                       $240,000

TOTAL RECOVERY FOR
TAKOYA SMITH:                        $240,000

TOTAL RECOVERY FOR

TAKAR SMITH JR.:                    $240,000

TOTAL RECOVERY FOR
ALECIA SMITH:                       $120,000

4.      Plaintiffs signed a retainer providing for attorney fees of 40% of any settlement after filing a lawsuit, so Plaintiffs' counsel's total fee for representing the minor is $160,000 (or 40% of $400,000), to be split or shared equally between the Law Offices of Dale K. Galipo and the Law Offices of Gregory A. Yates.

In order to prosecute the Plaintiffs' action, Plaintiffs' counsel advanced the litigation costs.  However, Plaintiffs' counsel has voluntarily waived all litigation costs for the Plaintiffs.

5.      Minor Plaintiff T.S. is a 10-year-old female born on September 24, 2014, to Shameka Moore and decedent Takar Smith.

6.      Minor claimant T.S. has suffered injuries as a result of the loss of her father.  The minor Plaintiff is deprived of and will continue to suffer a deprivation of her familial relationship with her father.

7.      Medical treatment is not relevant.

8.      The total amount of the settlement that Defendants agree to pay is $6,000,000, which will be made in two payments, one payment of $3,000,000 was paid in September 2024 and another by September 15, 2025, for $3,000,000. Plaintiffs' counsel, the Law Offices of Dale K. Galipo, is requesting attorney's fees of 40 percent of the $400,000 portion of the settlement for the minor Plaintiff, to be shared with the Law Offices of Gregory A. Yates.  The Plaintiffs signed a retainer providing for attorney fees of 40% of the total recovery, so counsel's total fee for representing the minor is $160,000 (or 40% of $400,000).  This amount is being split between two separate law firms which both represented the Plaintiffs throughout the litigation.

Attorneys at the Law Offices of Dale K. Galipo have expended numerous hours litigating this case and this case involved a substantial amount of risk. This case involved an exceptional amount of risk for Plaintiffs' counsel due to the fact that Decedent had a restraining order against his wife, Shameka Moore, for seriously injuring her during a previous domestic violence incident, Decedent was armed with a knife and he refused several commands to drop the knife, the officers first attempted to use the taser gun on Decedent before shooting him, there was evidence that Decedent had used methamphetamine shortly before he was shot, there was gang evidence, Decedent had a violent criminal history and Decedent had spent significant amounts of time incarcerated. Importantly, Decedent was caught on video holding a knife that he refused to drop even after LAPD officers ordered him several times to drop the knife and even used multiple taser gun applications against Decedent before ultimately shooting him while he was still armed with the knife.

This difficult case was vigorously defended by the City of Los Angeles and by a private defense firm which represented the individual Defendant Officers. Both of the involved officers claimed that they were in fear for their lives because they believed that Decedent was going to stab them or a fellow officer with the large knife he was holding and refused to drop, even after being tased multiple times. If the Law Offices of Dale K. Galipo were not awarded a fully compensatory fee in such cases, it would not be able to take them. In turn, minor plaintiffs such as T.S. would not be able to attract competent counsel who could achieve similar results. I was last approved an hourly rate was $1400 per hour (2024). Further, due to my history and reputation for winning difficult cases involving weapons such as guns and knives, including multiple eight figure verdicts against the City of Los Angeles, Plaintiffs were able to secure a $6,000,000 settlement in a difficult case with some very negative evidence.

9.      The gross amount of the total proposed settlement is $6,000,000, being paid in two payments of $3,000,000, one of which was paid last year, and another $3,000,000 by September 15, 2025.  T.S.'s gross amount of the settlement is $800,000, which will be paid in two separate payments, with one payment of $400,000, was paid last year and another of $400,000, by September 15, 2025. After deducting the requested attorneys' fees of $160,000, the total net settlement proceeds to minor plaintiff is $240,000, for the first payment, which was paid last year.  Minor plaintiff will receive another net settlement payment of $240,000, by September 15, 2025, for a total net settlement of $480,000.  Petitioner agrees to this sum.

10.      It is requested that the $240,000 (the net settlement amount to minor Plaintiff) be used to fund a structured settlement annuity for the minor Plaintiff.  The annuity will be disbursed to her, tax-free at six intervals between the age of 18 and 28.  Attached hereto as "**Exhibit A**" is a true and correct copy of the structured settlement annuity funded in the amount of $240,000– that provides the amount, interval, and date of each payout to the minor from the age of 18 to 28.  This proposal is agreed to by Petitioner, Shameka Moore, the court-appointed guardian ad litem for the minor Plaintiff.

The structured settlement annuity provides T.S., age 10, guaranteed tax-free disbursements totaling $391,200 (not including monthly payments of $200 for 6 years and 10 months, which totals to $16,400).

11.      The structured settlement annuities will be administered, paid, and guaranteed by Metropolitan Tower Life Insurance Company ("MetLife").  Attached hereto as **"Exhibit B"** is a true and correct copy of Metlife's ratings sheet.  Metlife and its core entities are rated A+ Superior by A.M. Best, AA- Very Strong by S&P, and Aa3 High Quality by Moody's.

12. Attached hereto as **"Exhibit C"** are specimen of the Metlife's Corporate Guaranty and Contract Guarantee were this Court to approve this Petition.

13. Under the settlement agreement, only Plaintiffs T.S., T.S., Shameka Moore, Takarra Smith, Takoya Smith, Takar Smith Jr., would also receive disbursements in the amount of $480,000, each ($240,000 paid last year and the remaining $240,000, by September 15, 2025) and Alecia Smith would receive a disbursement of $240,000 ($120,000, paid last year and the remaining $120,000, by September 15, 2025).

14. Petitioner, the moving guardian ad litem, does have claims against Defendants in connection with the subject incident as the wife of the Decedent.

15. Petitioner, the moving guardian ad litem, does not have any claims against the minor Plaintiff in connection with the subject incident.

16. California Welfare and Institutions Code Section 14124.73 does not apply.

17. This motion does not seek an order for payment of money to a special needs trust.

18. I prepared this petition for approval of the minor's compromise. The Law Offices of Dale K. Galipo did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted. The Law Offices of Dale K. Galipo represents all Plaintiffs in Case No. CV 23-6334 FMO (SSCx), including the minor Plaintiff in this matter but is not employed by any other party or any insurance carrier involved in the matter. The Law Offices of Dale K. Galipo has not received any compensation for its services in connection herewith from any person.

19. The only other source The Law Offices of Dale K. Galipo will receive additional compensation for their services in connection herewith is from Plaintiffs T.S., a minor, T.S., a minor, Shameka Moore, Takarra Smith, Takoya Smith, Takar

1  Smith Jr. and Alecia Smith in the total amount of $2,080,000 (half paid last

2  September and the remaining half by September 15, 2025) in attorney's fees, which

3  is being split with co-counsel the Law Offices of Gregory A. Yates.

4      20.    The Law Offices of Dale K. Galipo accepted this engagement for a

5  contingency fee, plus reimbursement for any costs advanced.  The retainer

6  agreement provides for a 40 percent attorney fee recovery, and I have voluntarily

7  waived all litigation costs.

8

9      I certify under penalty of perjury of the laws of the United States that the

10  foregoing is true and correct.

11

12      Executed this 14th day of August, 2025, at Woodland Hills, California 91367.

13

14                   /s/ Dale K. Galipo_____

15                      Dale K. Galipo

16

17

18

19

20

21

22

23

24

25

26

27

28