LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
Eric Valenzuela, Esq. (Bar No. 284500)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.S., a minor by and through her Guardian Ad Litem SHAMEKA MOORE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES et al.,<br><br>Defendants. | Case No. CV 23-6334 FMO (SSCx)<br><br>*Honorable Fernando M. Olguin*<br><br>**EX PARTE PETITION FOR COMPROMISE OF THE CLAIMS OF T.S., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, SHAMEKA MOORE; MEMORANDUM OF POINTS AND AUTHORITIES: DECLARATION OF DALE K. GALIPO**<br><br>[Proposed Order; and Declaration of Dale K. Galipo *submitted concurrently herewith*] |

**<u>PETITION FOR APPROVAL OF MINOR'S COMPROMISE</u>**

Counsel for Plaintiff T.S., a minor, by and through his Guardian Ad Litem, Shameka Moore, files this Petition to Compromise the Claim of the minor arising from the lawsuit for civil rights violations and wrongful death against the Defendants.  This Petition seeks authority of the Court to compromise the minor's claim, the use of the proceeds to reimburse counsel for costs expended and for reasonable attorney's fees.  The following is a description of the breakdown submitted to the Court for approval:

| | |
|---|---|
| TOTAL SETTLEMENT: | $6,000,000[1] (which includes the claims of three minor Plaintiffs, T.S., T.S., and T.S. and five adult Plaintiffs, Shameka Moore; Takarra Smith; Takoya Smith; Takar Smith Jr. and Alecia Smith,) |
| SECOND PAYMENT IN 2025[2] | $3,000,000 |
| MINOR T.S.'s PORTION: | $400,000 |
| MINOR T.S.'s PORTION: | $400,000 |
| MINOR T.S.'s PORTION: | $400,000 |
| SHAMEKA MOORE'S PORTION: | $400,000 |
| TAKARRA SMITH'S PORTION: | $400,000 |
| TAKOYA SMITH'S PORTION: | $400,000 |
| TAKAR SMITH JR.'S POTION: | $400,000 |
| ALECIA SMITH'S PORTION: | $200,000 |
| TOTAL COSTS: | Waived by Plaintiffs' counsel |

---

[1] The settlement is being divided into two separate payments. One payment of $3,000,000 was paid in September of 2024, and another payment of $3,000,000 to be paid by September 15, 2025.

[2] First payment of $3,000,000 was paid in 2024, and was subject to a prior minor's compromise, [Docs. 32, 36].

| | | |
|---|---|---|
| TOTAL ATTORNEY FEES CHARGED to MINOR T.S., MINOR T.S., MINOR T.S., SHEMEKA MOORE, TAKARRA SMITH, TAKOYA SMITH and TAKAR SMITH JR.; | | $160,000 (40% of recovery) each |
| TOTAL ATTORNEY FEES CHARGED TO ALECIA SMITH: | | $80,000 (40 % of recovery) |
| TOTAL RECOVERY FOR MINOR T.S.: | | $240,000 |
| TOTAL RECOVERY FOR MINOR T.S.: | | $240,000 |
| TOTAL RECOVERY FOR MINOR T.S.: | | $240,000 |
| TOTAL RECOVERY FOR SHAMEKA MOORE: | | $240,000 |
| TOTAL RECOVERY FOR TAKARRA SMITH: | | $240,000 |
| TOTAL RECOVERY FOR TAKOYA SMITH: | | $240,000 |
| TOTAL RECOVERY FOR TAKAR SMITH JR.: | | $240,000 |
| TOTAL RECOVERY FOR ALECIA SMITH: | | $120,000 |

Plaintiffs signed a retainer providing for attorney fees of 40% of any settlement after filing a lawsuit, so Plaintiffs' counsel's total fee for representing the minor is $160,000 (or 40% of $400,000), to be split or shared equally between the Law Offices of Dale K. Galipo and the Law Offices of Gregory A. Yates.

In order to prosecute the Plaintiffs' action, Plaintiffs' counsel advanced the litigation costs. However, Plaintiffs' counsel has voluntarily waived all litigation costs for the Plaintiffs. Based on the aforementioned, Plaintiffs' counsel respectfully requests that the Court approve the above-described distribution of the settlement proceeds. The Petitioner is in agreement with the proposed distribution as well.

Respectfully submitted,

DATED: August 14, 2025         LAW OFFICES OF DALE K. GALIPO

                                         By       /s/ Dale K. Galipo
                                             Dale K. Galipo
                                             Eric Valenzuela
                                             Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Shameka Moore, guardian *ad litem* for minor plaintiff T.S., hereby petitions this Court for approval of the minor's compromise in this matter, and requests that the Court approve the proposed distribution of the minor's funds.

The instant claims of minor plaintiff T.S. arose out of the fatal shooting of his father, decedent Takar Smith, on January 2, 2023, by City of Los Angeles police officers Joseph Zizzo and Nicolas Alejandre. The parties reached a settlement agreement which obligates Defendants to pay to the Plaintiffs and their attorneys of record the total sum of $6,000,000. Further, the parties agreed that the first payment of $3,000,000 would be paid in September of 2024, and the second payment of $3,000,000, would be paid by September 15, 2025.

Local Rule 17-1.3 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384." These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952." Movant hereby provides and discloses the required information in this memorandum and the attached Declaration of Dale K. Galipo.

## II. DISCLOSURE OF INFORMATION PURSUANT TO CALIFORNIA RULE OF COURT 7.950

(1)   Petitioner is Shameka Moore.

(2)     The claimants are Plaintiffs T.S., a minor, T.S., a minor, T.S., a minor, Shameka Moore, Takarra Smith, Takoya Smith, Takar Smith Jr. and Alecia Smith. Petitioner is the court-appointed guardian *ad litem* for the minor Plaintiffs[3].

(3)     The age and gender of the minor claimant is as follows:

Minor Plaintiff T.S. is a 13-year-old male born on May 3, 2012, to Shameka Moore and decedent Takar Smith. Galipo Declaration at ¶ 5.

(4)     The nature of Plaintiffs' claims in this lawsuit are as follows:

Plaintiffs allege that on January 2, 2023, Decedent was at Shameka Moore's apartment, in the City of Los Angeles, California, when the Defendants deprived Decedent, T.S. (the decedent's minor child), T.S. (the decedent's minor child), T.S. (the decedent's minor child), Shameka Moore (decedent's wife), Takarra Smith (decedent's daughter), Takoya Smith (decedent's daughter), Takar Smith Jr. (decedent's son) and Alecia Smith (the decedent's mother) of their constitutional rights when Officers Zizzo and Alejandre, of the Los Angeles Police Department, fatally shot Decedent.  T.S., T.S., T.S., Shameka Moore, Takarra Smith, Takoya Smith, Takar Smith Jr. and Alecia Smith brought both wrongful death claims in their individual capacity under state law and federal law and T.S., T.S., T.S., Shameka Moore, Takarra Smith, Takoya Smith and Takar Smith Jr. brought survival claims as lawful successors in interest to the Decedent under state and federal law pursuant to C.C.P. § 377 *et seq.*

Pursuant to the settlement agreement, the minor's claims will be compromised without a trial on the merits.

(5)     Minor claimant T.S. has suffered injuries as a result of the loss of his father. The minor Plaintiff is deprived of and will continue to suffer a deprivation of his familial relationship with his father.  Galipo Decl. at ¶ 6.

---

[3] Shameka Moore was appointed as the guardian ad litem for the minor plaintiffs in the state court action before the case was removed to federal court.

(6) Medical treatment is not relevant.

(7) Medical billing is not relevant.

(8) The total amount of the settlement that Defendants agree to pay is $6,000,000, which will be made in two payments, one payment of $3,000,000 was paid in 2024 and another this year, 2025 for $3,000,000. Plaintiffs' counsel, the Law Offices of Dale K. Galipo, is requesting attorney's fees of 40 percent of the $400,000 portion of the settlement for the minor Plaintiff, to be shared with the Law Offices of Gregory A. Yates. The Plaintiffs signed a retainer providing for attorney fees of 40% of the total recovery, so counsel's total fee for representing the minor is $160,000 (or 40% of $400,000). This amount is being split between two separate law firms which both represented the Plaintiffs throughout the litigation. Galipo Decl. at ¶ 8. Counsel for the Plaintiffs has waived all litigation costs. *Id*.

Attorneys at the Law Offices of Dale K. Galipo have expended numerous hours litigating this case and this case involved a substantial amount of risk. This case involved an exceptional amount of risk for Plaintiffs' counsel due to the fact that Decedent had a restraining order against his wife, Shameka Moore, for seriously injuring her during a previous domestic violence incident, Decedent was armed with a knife and he refused several commands to drop the knife, the officers first attempted to use the taser gun on Decedent before shooting him, there was evidence that Decedent had used methamphetamine shortly before he was shot, there was gang evidence, Decedent had a violent criminal history and Decedent had spent significant amounts of time incarcerated. Importantly, Decedent was caught on video holding a knife that he refused to drop even after LAPD officers ordered him several times to drop the knife and even used multiple taser gun applications against Decedent before ultimately shooting him while he was still armed with the knife.

This difficult case was vigorously defended by the City of Los Angeles and by a private defense firm which represented the individual Defendant Officers.

1  Both of the involved officers claimed that they were in fear for their lives because
2  they believed that Decedent was going to stab them or a fellow officer with the large
3  knife he was holding and refused to drop, even after being tased multiple times.  If
4  the Law Offices of Dale K. Galipo were not awarded a fully compensatory fee in
5  such cases, it would not be able to take them. *Id*.  In turn, minor plaintiffs such as
6  T.S. would not be able to attract competent counsel who could achieve similar
7  results.  Attorney Dale K. Galipo was last approved an hourly rate was $1400 per
8  hour (2024). *Id*.  Further, due to Dale K. Galipo's history and reputation for
9  winning difficult cases involving weapons such as guns and knives, including
10 multiple eight figure verdicts against the City of Los Angeles, Plaintiffs were able to
11 secure a $6,000,000 settlement in a difficult case with some very negative evidence.
12 (9)    The gross amount of the total proposed settlement is $6,000,000, being paid
13 in two payments of $3,000,000, first payment paid in 2024, and another $3,000,000
14 this year, 2025.  T.S.'s gross amount of the settlement is $800,000, which will be
15 paid in two separate payments, with one payment of $400,000 that was paid last
16 year and another of $400,000, paid this year, 2025.  After deducting the requested
17 attorneys' fees of $160,000, the total net settlement proceeds to minor plaintiff is
18 $240,000, for the first payment that was paid in 2024.  Minor plaintiff will receive
19 another net settlement payment of $240,000, this year, 2025, for a total net
20 settlement of $480,000.  Petitioner agrees to this sum. *Id*.
21 (10)   It is requested that the $240,000 (the net settlement amount to minor Plaintiff)
22 be used to fund a structured settlement annuity for the minor Plaintiff.  The annuity
23 will be disbursed to him, tax-free at six intervals between the age of 18 and 28.
24 Attached as "**Exhibit A**" to the Declaration of Dale Galipo filed concurrently
25 herewith, is the structured settlement annuity funded in the amount of $240,000–
26 that provides the amount, interval, and date of each payout to the minor from the age
27
28

of 18 to 28. This proposal is agreed to by Petitioner, Shameka Moore, the court-appointed guardian ad litem for the minor Plaintiff.

The structured settlement annuity provides T.S., age 13, guaranteed tax-free disbursements totaling $352,200 (not including monthly payments of $200 for 4 years and 6 months, which totals to $10,800). *See* Exhibit A to Galipo Decl.; Galipo Decl. at ¶ 10.

The structured settlement annuity also provides for a monthly payment of $200[4] to be made to parent and Petitioner Shameka Moore until T.S. turns seventeen years old. Petitioner is in agreement that this monthly payment of $200 is to be used specifically and exclusively on minor T.S. for his necessities of life, including food, clothing, shelter and educational expenses.

(11) Under the settlement agreement, only Plaintiffs T.S., T.S., Shameka Moore, Takarra Smith, Takoya Smith, Takar Smith Jr., would also receive disbursements in the amount of $480,000, each ($240,000 paid last year and the remaining $240,000 this year) and Alecia Smith would receive a disbursement of $240,000 ($120,000 paid last year and the remaining $120,000 this year). Galipo Dec. at ¶ 13.

(12) Petitioner, the moving guardian ad litem, does have claims against Defendants in connection with the subject incident as the wife of the Decedent. Galipo Decl. at ¶ 14.

(13) Petitioner, the moving guardian ad litem, does not have any claims against the minor Plaintiff in connection with the subject incident. *Id*.

(14) California Welfare and Institutions Code Section 14124.73 does not apply. *Id*.

(15) This motion does not seek an order for payment of money to a special needs trust. *Id*.

---

[4] Petitioner was previously granted $300 per month in the prior minor's compromise for minor T.S. See Court's Order [Doc. 36].

## III. DISCLOSURE OF ATTORNEY'S INTEREST PURSUANT TO CALIFORNIA RULE OF COURT 7.951

(1) This petition was prepared by attorney Dale K. Galipo (California Bar Number 144074), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, representing Plaintiffs T.S., a minor, T.S., a minor, T.S., a minor, Shameka Moore, Takarra Smith, Takoya Smith, Takar Smith Jr. and Alecia Smith. Galipo Decl. at ¶ 18.

(2) The Law Offices of Dale K. Galipo did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted. *Id*.

(3) The Law Offices of Dale K. Galipo represents Plaintiffs T.S., a minor, T.S., a minor, T.S., a minor, Shameka Moore, Takarra Smith, Takoya Smith, Takar Smith Jr. and Alecia Smith, but is not employed by any other party or any insurance carrier involved in the matter. *Id*.

(4) The Law Offices of Dale K. Galipo has not received any compensation for its services in connection herewith from any person. *Id*.

(5) The only other source The Law Offices of Dale K. Galipo will receive additional compensation for their services in connection herewith is from Plaintiffs T.S., a minor, T.S., a minor, T.S., a minor, Shameka Moore, Takarra Smith, Takoya Smith, Takar Smith Jr. and Alecia Smith in the total amount of $2,080,000 ($1,040,000 last year and the remaining $1,040,000 this year) in attorney's fees, which is being split with co-counsel the Law Offices of Gregory A. Yates. Galipo Decl. at ¶ 19.

(6) The Law Offices of Dale K. Galipo accepted this engagement for a contingency fee, plus reimbursement for any costs advanced, and has voluntarily waived all litigation costs. Galipo Decl. at ¶ 20. The retainer agreement provides for a 40 percent attorney fee recovery, which is to be shared with the Law Offices of Gregory A. Yates. *Id*.

## IV. PETITIONER BELIEVES THE SETTLEMENT IS IN THE BEST INTERESTS OF THE MINOR PLAINTIFF

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minor's claims, the parties responsible for the incident, and the nature, extent and seriousness of the minor's claims. Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, the minor will be forever barred from seeking any further recovery of compensation even though the minor's injuries and loss might in the future appear to be more serious than they are now thought to be.

Petitioner is informed and believes that the minor has made some sufficient recovery from the effects of her injuries and losses so as to justify the resolution of this matter in accord with the terms of the settlement agreement. Petitioner recommends the compromise settlement and the proposed distribution to the minor to the Court as being fair, reasonable, and in the best interest of the minor, and requests that the Court approve this compromise settlement and make such other and further order as may be just and reasonable.

Respectfully submitted,

DATED: August 14, 2025        LAW OFFICES OF DALE K. GALIPO

                              By____/s/ Dale K. Galipo_____
                                  Dale K. Galipo
                                  Eric Valenzuela
                                  Attorneys for Plaintiffs

# VERIFICATION OF SHAMEKA MOORE

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on August 14, 2025, at ___Los Angeles___, California.

_____
Shameka Moore

-8-    Case No. CV 23-6334 FMO (SSCx)
PETITION FOR COMPROMISE OF THE CLAIMS OF T.S., A MINOR